IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| MOORISH SCIENCE TEMPLE OF AMERICA EX REL. SHEIK HUNTER EL, RELATOR, | |
| Plaintiff, | Case No. 2:19CV00029 |
| v. | OPINION |
| THE UNITED STATES AND ITS DEPT. OF JUSTICE BUREAU OF PRISONS, | By: James P. Jones<br>United States District Judge |
| Defendants. | |

Sheik Hunter El, also known as Aaron D. Hunter, is an inmate at the United States Penitentiary Lee, located in this judicial district.[1] He has filed a pleading entitled, "Alien Tort Claim," asserting jurisdiction of this court under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350.[2] He claims that he is being illegally held

---

[1] The plaintiff was originally convicted of a drug trafficking offense in the United States District Court for the Western District of Wisconsin. See *Hunter v. Davis*, No. 09-cv-00827-BNB, 2009 WL 1810840 (D. Colo. June 24, 2009) (dismissing § 2241 habeas action filed pro se while Hunter was confined at the United States Penitentiary in Florence, Colorado).

[2] The statue provides that "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." Even were Hunter an alien — he claims that he had documents that showed that status, but were destroyed by the Bureau of Prisons — the ATS is a jurisdiction grant only, and does not create a cause of action. *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 115 (2013). It certainly does not create a substitute for a habeas corpus action.

in custody because he is entitled to "sovereign immunity" as an "ambassador-at-large" and subject of the "Sultan of Mecca."

Section 1915A of the Prison Litigation Reform Act provides that "[t]he court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The present action states no cognizable claim and must be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). A separate order will be entered.

DATED: August 6, 2019

/s/ *James P. Jones*
United States District Judge